UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS LEE RODGERS, | No. 2:15-cv-1298-EFB P |
| Petitioner, | |
| v. | ORDER |
| THOMAS A. FERRARA, | |
| Respondent. | |

Petitioner is a county prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] His six claims for relief relate to an order of extradition originating from an Ohio state court. *See* ECF No. 1 at 9-15.

Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Advisory Committee Notes to Rule 1 of

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

the Rules Governing § 2254 Cases.  It is well established that 28 U.S.C. § 2241 provides the proper jurisdictional basis for a habeas petition filed by a state prisoner who is not in custody "pursuant to the judgment of a State court," 28 U.S.C. § 2254, but rather "in pre-trial detention or awaiting extradition."  *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc).

Here, petitioner was in custody "awaiting extradition" at the time he filed the instant petition, which challenges the order of extradition itself.  Although petitioner filed this action pursuant to 28 U.S.C. § 2254, he is not attacking the validity of a state court conviction and sentence imposed by the State of California.  Therefore, it is § 2241 that provides the proper jurisdictional basis for his habeas petition.

Accordingly, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed without prejudice to filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The clerk shall terminate all pending motions as moot and close the case.

DATED: October 27, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE